UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PARKERVISION, Inc., )

Plaintiff, )

v. ) Case No.: 3:26-cv-02273

NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, and EDWARD FORST, in his official capacity as Acting Archivist of the United States, )

Defendants. )

**COMPLAINT AND REQUEST FOR**
**<u>DECLARATORY AND INJUNCTIVE RELIEF</u>**

Plaintiff PARKERVISION, INC. ("ParkerVision" or "Plaintiff") sues Defendants NATIONAL ARCHIVES AND RECORDS ADMINISTRATION ("NARA") and EDWARD FORST, in his official capacity as Acting Archivist of the United States (the "Archivist") (collectively, "Defendants") and alleges:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Presidential Records Act ("PRA"), 44 U.S.C. § 2204(c), and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551–559, 701–706, to compel the production of Barack Obama Presidential records from NARA regarding a patent litigation dispute between ParkerVision and Qualcomm Inc.

## JURISDICTION AND VENUE

2. This Court has jurisdiction and venue pursuant to (a) 5 U.S.C. § 552(a)(4)(B) because Plaintiff's principal place of business is in Jacksonville, Florida, and (b) 28 U.S.C. § 1331 because the resolution of disputes arising under FOIA and PRA presents federal questions. This makes the Jacksonville Division of the Middle District of Florida the appropriate venue.

## PLAINTIFF'S FOIA/PRA REQUESTS

3. Plaintiff submitted requests to Defendants for access to records under FOIA and PRA (collectively, "Plaintiff's FOIA/PRA Requests") on December 12, 2025 (Ex. A).

4. Plaintiff's FOIA/PRA Requests sought the following records from Defendants:

> 1. **Computer User Records.** Records identifying any computer user who was authorized to use or who did use a computer within the Executive Office of the President, Washington, D.C., assigned IP address 198.137.240.197 on May 19, 2014, at 1:49:11 PM, 1:49:28 PM, and 1:49:40 PM.
>
> Our records reflect that a computer within the Executive Office of the President assigned the foregoing IP address accessed the ParkerVision.com website and its Public Relations Patent Litigation page on that date at those times. [Later assigned NARA Case Log # 26-11453-F. (Ex. C at 1).]
>
> 2. **Air Force One Records.** Records showing that any computer user identified in the records responsive to Request 1 above was on Air Force One with President Barack Obama during the period beginning May 7, 2014 and ending on May 9, 2014. [Later assigned NARA Case Log # 26-11524-F. (Ex. C at 1).]

3. **Communications with Certain Individuals.** Records of communications during the period from April 15, 2014, through August 15, 2014, between the White House, Eric Holder, or the Department of Justice and

- Brianne Bharkhda
- Steve Crout
- Holly Fechner
- Irwin Jacobs
- Paul Jacobs
- Ashley Miller
- Steve Mollenkopf
- Laurie Self
- Alice Tornquist
- Philip Wadsworth
- Alex Rogers
- Jack Schenendorf
- Ayush Soni
- William "Bill" Wichterman
- Anyone with an @qualcomm.com, @qti.qualcomm.com, or @cov.com email domain. [Later assigned NARA Case Log # 26-11533-F (Ex. B at 2).]

4. **White House Communications with Justice Department.** Records of any communication during the period from April 15, 2014, through August 15, 2014, between the White House and any official of the Department of Justice, including Eric Holder, regarding Qualcomm, QCOM, QTI, ParkerVision, PRKR, Jeff Parker, or patent litigation. [Later assigned NARA Case Log # 26-11534-F (Ex. C at 1).]

5. **White House Communications Using Certain Terms.** Records of any communication during the period from April 15, 2014, through August 15, 2014, of any communication from the White House to any recipients that used the term PRKR, ParkerVision, Jeff Parker, patent litigation, Roy Dalton, Judge Dalton, Middle District of Florida, patent troll, Irwin Jacobs, Qualcomm, QCOM, or

> QTI. [Later assigned NARA Case Log # 26-11536-F (Ex. C at 1).]

Ex. A at 1–2.

5. The focus of the person or persons at the Executive Office of the President visiting Plaintiff's ParkerVision.com website and its "Public Relations Patent Litigation page" on the relevant dates is curious (Ex. A at 1).

6. On December 29, 2025, Defendants—by and through Jill Zawacki (hereinafter "Zawacki"), Supervisory Archivist of the Barack Obama Presidential Library (hereinafter the "Library")—initially responded to Plaintiff's FOIA/PRA Requests by asserting that the Library's staff "ha[s] been unable to locate any records related to your topic" after purportedly "conduct[ing] a thorough search of all our file lists, databases, and other finding aids." (Ex. B at 1).

7. In light of a letter received two days later (New Year's Eve), it became clear Defendants were referring only to Plaintiff's third category of documents, requested on December 12, 2025 (*see* ¶ 4, *supra*).

8. The second letter from NARA was sent on New Year's Eve, December 31, 2025. There, Zawacki responded that the Library's staff had found electronic files potentially responsive to Plaintiff's other four FOIA/PRA Requests, assigning them the following NARA Case Log numbers:

1. Case No. 26-11453-F
2. Case No. 26-11524-F
3. Case No. 26-11534-F

4. Case No. 26-11536-F

Ex. C at 1.

9. According to Zawacki, the first case contained 58 files, the second contained 45 files, the third contained 4,450 files, and the fourth contained 1,333 files of potentially responsive records (Ex. C at 1–2).

10. Encouraged that a discrete set of potentially responsive records had been located, isolated, and queued for processing, Plaintiff sought to reduce the time that might be needed for reviewing the records placed in the third and fourth cases (No. 26-11534-F and No. 26-11536-F) by narrowing the scope of Plaintiff's FOIA/PRA Requests for records within those cases specifically. Accordingly, Plaintiff submitted modifications to these two cases (*i.e.,* the third and fourth NARA-designated requests) encompassing Plaintiff's FOIA/PRA Requests to Defendants in order to narrow their scope on January 9, 2026 (Ex. D at 2–3).

11. Plaintiff also indicated in its January 9, 2026 letter to Defendants that NARA should produce documents on a rolling basis, stating: "Please produce records as they become available without awaiting processing of all responsive records, if practical to do so" (Ex. D at 3).

12. Zawacki responded to the submitted modifications to Plaintiff's FOIA/PRA Requests on January 26, 2026, advising that the modifications had in fact succeeded in easing the review task for the third case (No. 26-11534-F) because it now contained just "75 pages and 6 electronic files" instead of 4,450 electronic files of potentially responsive records; but that the records to be reviewed in the fourth case

(No. 26-11536-F) had increased to 2,747 electronic files from what had previously been 1,333 electronic files of potentially responsive records (Ex. E at 2).

13. Three days later, Zawacki wrote to Plaintiff again on January 29, 2026, stating that the third case (No. 26-11534-F) actually contains "675 pages and 6 electronic files" rather than 75 pages and 6 electronic files of potentially responsive records (Ex. F at 2).

14. Accordingly, as of January 29, 2026, the volume of records responsive to Plaintiff's FOIA/PRA Requests which Defendants have purportedly located, identified, and collected is as follows:

1. **Case No. 26-11453-F:** 58 Electronic Files
2. **Case No. 26-11524-F:** 45 Electronic Files
3. **Case No. 26-11534-F:** 675 Pages and 6 Electronic Files
4. **Case No. 26-11536-F:** 2,747 Electronic Files

Ex. F at 1–2.

15. Under the PRA, President Obama does not own the records generated by his Administration, since the United States "reserve[s] and retain[s] complete ownership, possession, and control of Presidential records." 44 U.S.C. § 2202.

16. The PRA provides, in relevant part:

> Prior to the conclusion of a President's term of office or last consecutive term of office, as the case may be, the President shall specify durations, not to exceed 12 years, for which access shall be restricted with respect to information, in a

> Presidential record, within one or more of [several categories].
>
> *Id.* § 2204(a).

17. Defendants have neither identified nor asserted, and Plaintiff has no reason to believe, that former President Barack Obama placed any specific restrictions on access to the records Defendants purportedly located, identified, and collected as responsive to Plaintiff's FOIA/PRA Requests.

18. Moreover, even if former President Obama hoped to restrict the records from disclosure, there are only a limited number of categories as to which he could do so. *See id.* § 2204(a)(1)–(6) (documents that (i) are national security and foreign policy designated, (ii) relate to appointments to federal office, (iii) are specifically exempt from disclosure by statute (*i.e.,* not by common law or other case law doctrines, and this exemption does not apply to documents that could be withheld under FOIA in an ordinary FOIA case); (iv) are trade secret, commercial, or financial information that is privileged and confidential; (v) are confidential information regarding advice between the President and his advisers, or between such advisers; or (vi) are personnel and medical files that would be a clearly unwarranted invasion of privacy). To Plaintiff's knowledge, none of these six categories of documents are at issue here.

19. Additionally, the PRA provides that documents not restricted by the former President should be available no later than "5 years after the date on which the

Archivist obtains custody of such record[s] pursuant to section 2203([g])(1)"[1] of the PRA. *Id.* § 2204(b)(2)(A). This limited period has long passed since the Obama Administration had been over for more than 5 years as of January 20, 2022.

20. Since it must have been at least 5 years since Defendants obtained custody of the records responsive to Plaintiff's FOIA/PRA Requests, the PRA requires that the records purportedly located, identified, and collected as responsive to Plaintiff's FOIA/PRA Requests "be administered [by Defendants] in accordance with [FOIA]." 44 U.S.C. § 2204(c)(1). Moreover, the PRA clarifies that "for the purposes of [FOIA] such records shall be deemed to be records of the [NARA]" and "[a]ccess to such records shall be granted on nondiscriminatory terms." *Id.* Furthermore, Section 2204(c)(1) provides that the FOIA exemption for inter-agency or intra-agency memoranda or letters is not available as a basis for Defendants to withhold Presidential records. *Id.* (citing 5 U.S.C. § 552(b)(5)).

21. FOIA generally provides that each agency upon any request for records must determine within 20 working days after receipt of the request whether to comply with such request and shall immediately notify the requester of such determination and the reasons therefor, and in the case of an adverse determination, the right to dispute resolution services and appeal. 5 U.S.C. § 552(a)(6)(A)(i).

[1] In the United States Code, this is cited as Section 2203(d)(1), but this is in error, as the United States Code indicates: "So in original, probably should be 'section 2203(g)(1).'"

22. Under certain "unusual circumstances," FOIA permits an agency to extend this 20-day response deadline for up to an additional 10 working days by providing written notice to the FOIA requester. *Id.* § 552(a)(6)(B).

23. Under the PRA, Defendants must notify the President at the time the documents were generated and the sitting President if they determine that they will produce to Plaintiff the Presidential records that Defendants purportedly located, identified, and collected as responsive to Plaintiff's FOIA/PRA Requests, and the Presidents are authorized to object to or otherwise delay such production under certain specified grounds. *See* 44 U.S.C. § 2208(a)(1).

24. Under the APA, agency actions are presumptively subject to judicial review, *see Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971) (citing 5 U.S.C. § 701), and this presumption of reviewability applies to Defendants' compliance with the mandates of the PRA, *see Am. Hist. Ass'n v. Peterson*, 876 F. Supp. 1300, 1315–18 (D.D.C. 1995) (citations omitted).

25. The APA defines "agency action" as including "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or ***failure to act***[.]" 5 U.S.C. § 551(13) (emphasis added).

26. Accordingly, if Defendants fail to act in compliance with the mandates of the PRA, the APA commands that a "reviewing court ***shall*** . . . ***hold unlawful*** and ***set aside*** [such] agency action" on grounds that it is: "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; . . . (C) in excess of statutory

jurisdiction, authority, or limitations, or short of statutory right; [or] (D) without observance of procedure required by law[.]" 5 U.S.C. § 706(2).

27. The APA further requires that "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). And if an agency such as NARA fails to do so, the APA commands that a "reviewing court ***shall*** . . . ***compel*** agency action unlawfully withheld or unreasonably delayed[.]" *Id.* § 706(1) (emphasis added).

28. Defendants received Plaintiff's FOIA/PRA Requests on December 12, 2025 (Ex. A) and acknowledged receipt of Plaintiff's FOIA/PRA Requests in their initial response to Plaintiff on December 29, 2025 (Ex. B).

29. Plaintiff has not received any additional communications from Defendants since the most recent Zawacki correspondence dated January 29, 2026 (Ex. F).

30. Since January 29, 2026, Defendants have not notified Plaintiff of any determination made by Defendants as to whether they will comply with Plaintiff's FOIA/PRA Request, let alone any reasons that could support such a determination.

31. Since January 29, 2026, Defendants have not notified Plaintiff of any circumstances that would warrant a 10-working-day extension of the time beyond the 20 working days from December 12, 2025 (or from December 29, 2025, if alleged by Defendants to be the relevant date) by when Defendants were required to determine whether to comply with Plaintiff's FOIA/PRA Requests and immediately notify Plaintiff of such determination and the reasons therefor.

32. It has now been more than six months since Defendants located, identified, and collected a set of records that Defendants purport to be responsive to Plaintiff's FOIA/PRA Requests. Yet Defendants appear to have taken no follow-up steps since that time.

33. It is unknown to Plaintiff if Defendants have made any internal determination not communicated to Plaintiff on whether to comply with Plaintiff's FOIA/PRA Requests.

34. It is unknown to Plaintiff if Defendants believe they could invoke "unusual circumstances," that might have permitted Defendants to extend their mandatory response date by an additional ten working days. Again, however, Plaintiff was certainly not notified of any such invocation.

35. It is unknown to Plaintiff when Defendants expect to ever make any determination on Plaintiff's FOIA/PRA Requests, absent the bringing of this lawsuit.

36. It is unknown to Plaintiff if Defendants have notified either President Trump or President Obama of whether they intend to produce to Plaintiff the Presidential records that Defendants purportedly located, identified, and collected as responsive to Plaintiff's FOIA/PRA Requests.

37. It is unknown to Plaintiff if President Obama or President Trump have exercised PRA authority to object to or otherwise delay Defendants' production of Presidential records that Defendants purportedly located, identified, and collected as responsive to Plaintiff's FOIA/PRA Requests. Though it is certain that Defendants

have not complied with FOIA's time limitation on making a disclosure determination, and thus the presidential rights referenced in the PRA have not been triggered.

38. Twenty working days from December 12, 2025 is January 15, 2026.

39. Twenty working days from December 29, 2025 (if alleged by Defendants to be the relevant date) is January 28, 2026.

40. Thirty working days from December 12, 2025 is January 30, 2026.

41. Thirty working days from December 29, 2025 (if alleged by Defendants to be the relevant date) is February 11, 2026.

42. Accordingly, however measured, Plaintiff has constructively exhausted its administrative remedies and seeks production of the records from Defendants as soon as practicable. Plaintiff has not been informed of any determination by NARA or the Archivist on Plaintiff's FOIA/PRA Requests and Plaintiff has not received the records Defendants located, identified, and collected as responsive to Plaintiff's FOIA/PRA Requests. *See Lopez v. NARA*, 301 F. Supp. 3d 78, 86–87 (D.D.C. 2018) ("[A] requestor 'shall be deemed to have exhausted his administrative remedies with respect to [a] request if the agency fails to comply with the applicable time limit provisions'" on notifying the requestor of the agency's ***determination*** on its request, "and the requestor files suit.") (quoting 5 U.S.C. § 552(a)(6)(C)(i)).

**FIRST CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

43. Plaintiff re-alleges paragraphs 1 through 42 as if fully set out herein.

44. FOIA requires all doubts to be resolved in favor of disclosure. *See U.S. Dep't of State v. Ray,* 502 U.S. 164, 173 (1991).

45. The PRA requires that the "Archivist [of NARA] shall have an affirmative duty to make such records available to the public as rapidly and completely as possible consistent with the provisions of this chapter." 44 U.S.C. § 2203(g)(1).

46. Plaintiff properly requested records within the possession, custody, or control of Defendants.

47. Defendants are subject to FOIA. Therefore, Defendants must make reasonable efforts to search for requested records and must release to a FOIA requester any non-exempt records that are responsive to the request and provide a lawful reason for withholding any records that are responsive to the request.

48. Defendants have reviewed agency records for the purpose of locating, identifying, and collecting those records that are responsive to Plaintiff's FOIA/PRA Requests.

49. Defendants have located, identified, and collected those records that are responsive to Plaintiff's FOIA/PRA Requests.

50. Plaintiff has a statutory right under FOIA to receive timely notification of a determination by Defendants on whether they will comply with Plaintiff's FOIA/PRA Requests and the reasons therefor.

51. Plaintiff has a statutory right under FOIA to the information contained in the records responsive to Plaintiff's FOIA/PRA Requests.

52. Defendants have failed to notify Plaintiff of any determination made by Defendants on whether to comply with Plaintiff's FOIA/PRA Request, and the reasons therefor, within the time constraints prescribed by FOIA.

53. Defendants are wrongfully withholding from Plaintiff non-exempt records under FOIA by failing to produce any of the records that are responsive to Plaintiff's FOIA/PRA Requests which Defendants have located, identified, and collected.

54. Defendants are wrongfully withholding from Plaintiff non-exempt records under FOIA by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiff's FOIA/PRA Requests.

55. Defendants' failure to provide statutorily timely notice to Plaintiff of any determination made by Defendants on whether to comply with Plaintiff's FOIA/PRA Request, and the reasons therefor, is in violation of FOIA.

56. Defendants' withholding from Plaintiff of non-exempt records responsive to Plaintiff's FOIA/PRA Requests is in violation of FOIA.

57. Plaintiff is being irreparably harmed by reason of Defendants' violation of FOIA. Plaintiff is being effectively denied notice of request determination and information to which it is statutorily entitled. Plaintiff will continue to be irreparably harmed unless Defendants are compelled to comply with FOIA.

58. Plaintiff has no adequate remedy at law.

59. Plaintiff has constructively exhausted its administrative remedies.

## SECOND CLAIM FOR RELIEF
## Violation of APA, 5 U.S.C. § 706(2)
## Wrongful Withholding of Non-Exempt Responsive Records Under PRA, 44 U.S.C. § 2204(c)

60. Plaintiff re-alleges paragraphs 1 through 42 as if fully set out herein.

61. Subject only to additional specified limitations the PRA imposes on access to Presidential records, the PRA incorporates the FOIA statute and applicable case law to govern access to Presidential records.

62. Defendants have hitherto failed to identify or assert any PRA-specific limitation on access to the records requested by Plaintiff. Therefore, the FOIA statute and applicable case law govern Plaintiff's FOIA/PRA Requests.

63. Plaintiff has a statutory right under the PRA to receive timely notification of a determination by Defendants on whether they will comply with Plaintiff's FOIA/PRA Requests and the reasons therefor.

64. Plaintiff has a statutory right under the PRA to the information contained in the records responsive to Plaintiff's FOIA/PRA Requests.

65. The basic policy of FOIA is "that disclosure, not secrecy, is the dominant objective of the Act." *Department of the Air Force v. Rose*, 425 U.S. 352, 361 (1976).

66. The PRA requires that the "Archivist shall have an affirmative duty to make such records available to the public as rapidly and completely as possible consistent with the provisions of this chapter." 44 U.S.C. § 2203(g)(1).

67. Plaintiff properly requested records within the possession, custody, or control of Defendants.

68. Defendants are subject to FOIA. Therefore, Defendants must make reasonable efforts to search for requested records and must release to a FOIA requester any non-exempt records that are responsive to the requests and provide a lawful reason for withholding any records that are responsive to the request.

69. Defendants have reviewed agency records for the purpose of locating, identifying, and collecting those records that are responsive to Plaintiff's FOIA/PRA Requests.

70. Defendants have located, identified, and collected records that are responsive to Plaintiff's FOIA/PRA Requests. But Defendants have failed to notify Plaintiff of any determination made by Defendants on whether to comply with Plaintiff's FOIA/PRA Request, and the reasons therefor, within the time constraints prescribed by the PRA.

71. Defendants are wrongfully withholding from Plaintiff non-exempt records under the PRA by failing to produce any of the records that are responsive to Plaintiff's FOIA/PRA Requests which Defendants have located, identified, and collected.

72. Defendants are wrongfully withholding from Plaintiff non-exempt records under the PRA by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiff's FOIA/PRA Requests.

73. Defendants' failure to provide all non-exempt responsive records violates FOIA.

74. Defendants' failure to provide statutorily timely notice to Plaintiff of any determination made by Defendants on whether to comply with Plaintiff's FOIA/PRA Request, and the reasons therefor, is arbitrary and capricious, an abuse of discretion, and not in accordance with the PRA.

75. Defendants' failure to provide statutorily timely notice to Plaintiff of any determination made by Defendants on whether to comply with Plaintiff's FOIA/PRA Request, and the reasons therefor, is in excess of statutory jurisdiction, authority, and limitations under the PRA and short of statutory right under the PRA.

76. Defendants' failure to provide statutorily timely notice to Plaintiff of any determination made by Defendants on whether to comply with Plaintiff's FOIA/PRA Request, and the reasons therefor, is without observance of procedure required by the PRA.

77. Defendants' withholding from Plaintiff of non-exempt records responsive to Plaintiff's FOIA/PRA Requests is arbitrary and capricious, an abuse of discretion, and not in accordance with the PRA.

78. Defendants' withholding from Plaintiff of non-exempt records responsive to Plaintiff's FOIA/PRA Requests is in excess of statutory jurisdiction, authority, and limitations under the PRA and short of statutory right under the PRA.

79. Defendants' withholding from Plaintiff of non-exempt records responsive to Plaintiff's FOIA/PRA Requests is without observance of procedure required by the PRA.

80. Defendants are in violation of the APA by and through their noncompliance with the PRA and the PRA's incorporation of the FOIA statute and applicable case law.

81. Plaintiff is being irreparably harmed by reason of Defendants' violation of the APA. Plaintiff is being effectively denied notice of request determination and information to which it is statutorily entitled. Plaintiff will continue to be irreparably harmed unless Defendants are compelled to comply with the PRA.

82. Plaintiff has no adequate remedy at law.

83. Plaintiff has constructively exhausted its administrative remedies.

**THIRD CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Statutory Bar Against Charging Fees**

84. Plaintiff re-alleges paragraphs 1 through 42 and 44 through 59 as if fully set out herein.

85. Doubts in FOIA cases should be resolved in favor of disclosure.

86. Plaintiff properly requested records within the possession, custody, or control of Defendants.

87. Under FOIA, Defendants have "failed to comply with [multiple] time limit[s] under paragraph (6)" as to Plaintiff's FOIA/PRA Requests. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

88. Defendants are currently statutorily barred from charging Plaintiff fees related to Plaintiff's FOIA/PRA Requests. Therefore, Plaintiff has a statutory right under FOIA to have its requests processed by Defendants free of charge.

89. Defendants' failure to process Plaintiff's FOIA/PRA Requests without charging Plaintiff any fees is in violation of FOIA.

90. Defendants are in violation of FOIA.

91. Plaintiff is being irreparably harmed by reason of Defendants' violation of FOIA. Plaintiff will continue to be irreparably harmed unless Defendants are compelled to comply with FOIA.

92. Plaintiff has no adequate remedy at law.

93. Plaintiff has constructively exhausted its administrative remedies.

**FOURTH CLAIM FOR RELIEF**
**Violation of APA, 5 U.S.C. § 706(2)**
**Statutory Bar Against Charging Fees Under PRA, 44 U.S.C. § 2204(c)**

94. Plaintiff re-alleges paragraphs 1 through 42 and 61 through 83 as if fully set out herein.

95. Doubts in FOIA cases should be resolved in favor of disclosure.

96. Under the PRA, by and through FOIA, Defendants have "failed to comply with [multiple] time limit[s] under paragraph (6)" as to Plaintiff's FOIA/PRA Requests. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

97. Defendants are currently statutorily barred from charging Plaintiff fees related to Plaintiff's FOIA/PRA Requests. Therefore, Plaintiff has a statutory right under the PRA to have its requests processed by Defendants free of charge.

98. Defendants' failure to process Plaintiff's FOIA/PRA Requests without charging Plaintiff any fees is arbitrary and capricious, an abuse of discretion, and not in accordance with the PRA.

99. Defendants' failure to process Plaintiff's FOIA/PRA Requests without charging Plaintiff any fees is in excess of statutory jurisdiction, authority, and limitations under the PRA and short of statutory right under the PRA.

100. Defendants' failure to process Plaintiff's FOIA/PRA Requests without charging Plaintiff any fees is without observance of procedure required by the PRA.

101. Defendants are in violation of the APA by and through their noncompliance with the PRA and the PRA's incorporation of the FOIA statute and applicable case law.

102. Plaintiff is being irreparably harmed by reason of Defendants' violation of the APA. Plaintiff will continue to be irreparably harmed unless Defendants are compelled to comply with the PRA.

103. Plaintiff has no adequate remedy at law.

104. Plaintiff has constructively exhausted its administrative remedies.

**FIFTH CLAIM FOR RELIEF (IN THE ALTERNATIVE)**
**Violation of APA, 5 U.S.C. § 706(1)**
**Agency Actions Unlawfully Withheld and Unreasonably Delayed**

105. Plaintiff re-alleges paragraphs 1 through 42, 44 through 59, 61 through 83, 85 through 93, and 95 through 104 as if fully set out herein.

106. Plaintiff has a statutory right under FOIA to receive timely notification of a determination by Defendants on whether they will comply with Plaintiff's FOIA/PRA Request, and the reasons therefor, within 20 working days after Defendants' receipt of Plaintiff's FOIA/PRA Requests.

107. Defendants have not complied with the statutorily prescribed deadline under FOIA on making and notifying Plaintiff of a determination by Defendants on whether they will comply with Plaintiff's FOIA/PRA Requests and the reasons therefor.

108. Defendants have not notified Plaintiff of any circumstances that would warrant a statutorily authorized extension of the general statutory deadline under FOIA for making and notifying Plaintiff of a determination by Defendants on whether they will comply with Plaintiff's FOIA/PRA Requests and the reasons therefor.

109. Defendants have not disclosed to Plaintiff any non-exempt records responsive to Plaintiff's FOIA/PRA Requests which Defendants have located, identified, and collected.

110. Defendants have failed to take discrete agency actions that they are required to take under FOIA and under the PRA—through the PRA's incorporation of the FOIA statute and applicable case law—with respect to Plaintiff's FOIA/PRA Requests.

111. Defendants have failed to take discrete agency actions that it is required to take under the PRA—through the statute's incorporation of the FOIA statute and applicable case law—with respect to Plaintiff's FOIA/PRA Requests.

112. Defendants are unlawfully withholding and unreasonably delaying agency action notifying Plaintiff of Defendants' determination on whether they will comply with Plaintiff's FOIA/PRA Requests—to which Plaintiff is statutorily entitled under FOIA and the PRA.

113. Defendants are unlawfully withholding and unreasonably delaying agency action disclosing non-exempt records responsive to Plaintiff's FOIA/PRA Requests—to which Plaintiff is statutorily entitled under FOIA and the PRA.

114. Defendants' unlawful withholding and unreasonable delaying of agency actions under FOIA and the PRA are in violation of the APA.

115. Plaintiff is being irreparably harmed by reason of Defendants' violation of the APA. Plaintiff will continue to be irreparably harmed unless Defendants are compelled to take agency actions on Plaintiff's FOIA/PRA Requests in compliance with FOIA and the PRA.

116. Plaintiff has no adequate remedy at law.

117. Plaintiff has constructively exhausted its administrative remedies.

**WHEREFORE**, based on the foregoing, Plaintiff respectfully prays that this Court:

A. Declare that Defendants' failure to notify Plaintiff of any determination made by Defendants on whether to comply with Plaintiff's FOIA/PRA Requests and the reasons therefor, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552 and the APA, 5 U.S.C. § 706(2) by and through the PRA, 44 U.S.C. § 2204(c), or in the alternative, is an agency action that has been unlawfully withheld or unreasonably delayed under the APA, 5 U.S.C. § 706(1);

B. Declare that Defendants' withholding from Plaintiff of non-exempt records responsive to Plaintiff's FOIA/PRA Requests, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552 and the APA, 5 U.S.C. § 706(2) by and through the PRA, 44 U.S.C. § 2204(c), or in the alternative, is an agency action that has been unlawfully withheld or unreasonably delayed under the APA, 5 U.S.C. § 706(1);

C. Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiff's FOIA/PRA Requests and indexes justifying the withholding of any responsive records withheld in whole or in part under claim of exemption;

D. Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA/PRA Requests;

E. Enjoin Defendants from charging any fees related to Plaintiff's FOIA/PRA Requests;

F. Retain jurisdiction over this matter as appropriate;

G. Award Plaintiff its costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

H. Grant such other and further relief as this Court may deem just and proper.

Dated: August 31, 2026

SMITH HULSEY & BUSEY

By: /s/ *John R. Thomas*
Stephen D. Busey
John R. Thomas

Florida Bar No. 117790
Florida Bar No. 77107
One Independent Drive, Suite 3300
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com
jthomas@smithhulsey.com

THE OVERSIGHT PROJECT

By: /s/ *Marshall Yates**
Marshall Yates
(Alabama Bar No. 9600B58E)**
Email: Marshall@itsyourgov.org
211 North Union Street
Alexandria, VA 22314

Joseph E. Schmitz
(Maryland Bar No. 9507130012)*
Email: joseph@itsyourgov.org
211 North Union Street
Alexandria, VA 22314

**Attorney Yates has authorized Attorney Thomas to affix his electronic signature.*

***Application for pro hac vice admission forthcoming*

*Attorneys for Plaintiff*